Nott, J.,
delivered the opinion of the court:
In June, 1885, the defendants, by Captain Charles W. Holt, an assistant quartermaster, entered into two informal agreements with one Girard for the purchase of 80,000 bushels of oats. The agreements specified that the oats were to be furnished through the claimant, and that drafts were to be drawn by Girard in favor of the claimant, which the quartermaster was to accept and pay.
Under these agreements oats were furnished by the claimant which were inspected and accepted by the proper officers of the defendants, and were then shipped by the Quartermaster Department from Boston to Washington. Two quartermaster’s vouchers in the name of the claimant at the same time were given to him, the one for $12,503.20, the other for $3,531.79.
On the arrival of the oats at Washington they were found to be unmerchantable, as is alleged; a board of survey was appointed to examine them, and the Quartermaster General ordered that the voucher for $12,503.20 be paid in full, but that a reduction of $3,320.33 be made from the other. The claimant, with knowledge of this order, accepted payment of the former voucher, but refused to receive the reduced amount of the latter, and upon it he now brings this action in his own name.
It is contended by the defendants that Girard’s contract existed, and could not be assigned under the Act nth July, 1862, (12 Stat. L., p. 596, § 14,) and that it is void under the Acts 2d March, (12 Stat. L., p. 220,) and 4th July, 1864, (13 Id., 396, § 4.)
Conceding that these objections are well taken, it does not follow that the party is without redress. It is well settled that *216 where an express contract is void the person who has delivered •his goods to the Government may recover on the implied contract in quantum meruit. As to the objection that the claimant cannot maintain his action because of the agreement between the defendants and Girard, it is hot perceived how he can be hindered by a contract which both parties have treated as a nullity. The claimant actually furnished the grain, and the quartermaster dealt with him, giving him vouchers in his own name and certifying that he purchased the grain of him. If the right of action depended upon the express contract, it might be that the action must be brought in the name of the contractor. But here the express contract never had a legal existence 5 and the defendants dealt with the party in interest in his own name. They cannot now aver that the express contract was void, and at the same time avail themselves of its conditions.
It is also contended that the oats were of inferior quality; that the Government is not bound by the inspection of its official inspectors under the recent decision of the Supreme Court in Justice’s Case, (ante, p. 37;) and that the deduction ordered by the Quartermaster-General should be sustained.
If this position can be sustained and the decision of the Supreme Court goes the length contended for, nevertheless the burden of proof is on the defendants to show their loss and the extent of it. In this case the claimant has not relied upon inspection and acceptance, but has called witnesses to prove the good quality of the grain delivered, and the weight of the testi-timony is decidedly in his favor. The defendants’ case depends upon the finding of a board of survey which recommended the deduction ordered by the Quartermaster-General. Wehave repeatedly held that the decision of such an ex-parte tribunal is not binding upon contractors, nor are its proceedings evidence against them. If this record of the board of survey can be admitted for any purpose, it is simply to show that a board was ordered as an incident of the dispute.
It is also contended by the defendants that the order of the Quartermaster-General rendered the case one of dispute, and the acceptance of payment under that order by the claimant rendered it one of compromise, under the decisions of the Supreme Court in Child, Pratt & Fox and Clyde’s Cases, (7 C. Cls. R., pp. 209, 262.) The distinction, however, between this and *217 those cases is this: that there the claimant accepted and received without objection or protest all that the Quartermaster-General offered; while here he not only objected to the reduction, but positively rejected the proffered compromise. Accepting payment of an amount which was then unquestionably due, and the payment of which did not in any manner waive or affect the legal rights of the defendants, cannot conclude the claimant from prosecuting his reserved cause of action. The purpose of the Quartermaster-General in ordering the reduction to be made on one voucher, and that the smallest of the two, was probably to enable the claimant to do what he has done without the additional risk and harassment of having all of the money due to him needlessly withheld.
The judgment of the court is that the claimant recover of the defendants $3,531.79.
Loring, J., concurred in the result that the claimant is entitled to judgment.,